UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


MUOY S. CHIV,
       - Plaintiff


     v.                          CIVIL NO. 3:04-CV-818(DJS)(TPS)


JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION
       - Defendant


**RULING ON MOTION FOR ATTORNEY'S FEES**

This case is now before the court on a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Plaintiff's attorney, Charles A. Pirro III, claims a total of 47.20 hours worked on this case from 2003 through 2005. Pirro requests fees in the amount of $136.13 per hour in 2003, $149.18 in 2004 and $152.30 in 2005. The total amount of attorney's fees plaintiff requests is $7,159.54.[1]

The defendant, Social Security Administration ("SSA"), does not appear to contest either 1) that the plaintiff is entitled to attorney's fees or; 2) that the fees charged by Attorney Pirro are

---

[1] This amount does not include the additional 4.5 hours of time requested by Attorney Pirro in a supplemental Motion for Attorney's Fees [Dkt. # 25]. The court will address this motion in a subsequent ruling.

reasonable.[2]  The sole issue before the court is whether the amount of time charged by Attorney Pirro is excessive.  It is, but only slightly so.  For the following reasons, plaintiff's motion for attorney's fees **[Dkt. # 19]** is **GRANTED**, but the amount of hours claimed is reduced by 2.75 hours to a total of 44.45.  At the applicable rates, the total amount of attorney's fees awarded is $6,740.69.

## I.   Facts

Because of the narrow issue presented only a brief recitation of the facts is warranted.  This motion is the culmination of a long-standing claim for Social Security benefits by the plaintiff,

---

[2]

The court notes that the fees requested by the plaintiff are in excess of the $125 statutory maximum.  28 U.S.C. § 2412(d)(1)(A) (2002).  However, the EAJA provides that a court may grant an award above the statutory maximum if the court finds that such an increase is justified by an increase in the cost of living.  Id. Attorney Pirro asserts an upward adjustment is appropriate because the consumer price index rose 34% from March 1996 to June 2005 in the northeastern region of the United States.  (Aff. of Charles A. Pirro III at 2.)

It is well settled in the Second Circuit that the $125 statutory maximum is appropriately adjusted upward based on the consumer price index.  Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992) (adopting the approach taken by the third circuit, DeWalt v. Sullivan, No. 91-5199, 1992 U.S. App. LEXIS 7771 (3d Cir. Apr. 24, 1992); and the forth circuit, Sullivan v. Sullivan, 958 F.2d 574, 576-77 (4th Cir. 1992)).  Reference to the consumer price index since March of 1996 is appropriate in light of the fact that the EAJA was amended at that time to increase the statutory maximum from $75 to $125.  Pazov v. Apfel, No. 98CV5525(RJD), 2001 U.S. Dist. LEXIS 24494 at *25 (E.D.N.Y Mar. 7, 2001).

In the absence of any countervailing argument by the Commissioner, the court will accept Attorney Pirro's certification that the fees sought accurately reflect the increase in the cost of living as evidenced by the consumer price index.

Muoy S. Chiv.  Ms. Chiv originally applied for benefits in 1993. Initially, plaintiff's claims were denied in their entirety, but in 1999, upon rehearing, an Administrative Law Judge ("ALJ") granted her approximately two years of retroactive benefits from November of 1992 to August of 1994.  The ALJ found that Ms. Chiv's disability ended in August 1994 and, therefore, denied her claim for prospective disability benefits.  Eventually the plaintiff appealed to the district court claiming she was also entitled to prospective benefits.  As a result of this appeal, in May 2005, the SSA agreed that the ALJ had not taken certain medical evidence into consideration, and requested that the court remand the case to the administrative arena.  The court granted the remand after being notified of plaintiff's consent.

## II.   Standard

With certain exceptions, courts must award attorneys fees to a prevailing party, other than the United States, in cases where the United States or any of its officials or agencies is a party. 28 U.S.C. § 2412(d)(1)(A).[3]  The fees awarded include, "*reasonable* attorney's fees." 28 U.S.C. § 2412(d)(2)(a)  (emphasis added). While not expressly stated in the EAJA, the Act's requirement that the party requesting fees provide supporting documentation appears

---

[3] As noted above, the SSA appears not to challenge the fact that plaintiff is a prevailing party or argue that any of the exceptions apply.

to place the burden on the requesting party to show that the fees requested are reasonable. See 28 U.S.C. § 2412(d)(1)(B) (requiring, inter alia, that the party requesting fees provide an itemized statement of time expended).

"[C]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Pazo v. Apfel, No. 98CV5525(RJD), 2001 U.S. Dist. LEXIS 24494 at *7-8 (E.D.N.Y. Mar. 7, 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). The prevailing party is entitled to fees and expenses incurred throughout the entirety of the litigation unless it is shown the prevailing party has needlessly protracted the proceedings. See Green-Younger v. Barnhart, No. 3:99CV1425(CFD), 2004 U.S. Dist. LEXIS 21083 at *24-25 (D. Conn. Sept. 30, 2004). The amount of attorney's fees awarded is left to the discretion of the district court. Hensley, 461 U.S. at 437.

### III.   Discussion

The narrow question before the court is whether the fees charged by plaintiff's attorney are reasonable. Plaintiff's attorney has submitted an affidavit outlining the amount of time spent on this case. (See Aff. of Charles A. Pirro III.) Defendant disputes only some of these charges.

**A.**

The defendant contests the six hours Attorney Pirro submits he worked reviewing the file and drafting the complaint. (Def's Opp'n at 3.)  Defendant claims that six hours is excessive in light of the fact that the complaint, in large part, recites procedural history.  (Id.)  Defendant requests a one hour reduction to the fees sought by Attorney Pirro.  (Id. at 4.)  The court finds that six hours is a reasonable expenditure of time.

Attorney Pirro had to draft the complaint and civil cover sheets, prepare summonses, and proofread, correct, and copy each one of these documents.  Counsel also extracted from the record the items necessary to include in the complaint.  Further, the six hours of time expended does not merely include the drafting of the complaint, it also includes reviewing the nearly 500-page record. While defendant may think that Attorney Pirro should have already committed the facts of the case to memory, defendant ignores the fact that five years went by between the rehearing before a second ALJ and the filing of the lawsuit.  It was not unreasonable for Attorney Pirro to make a detailed inspection of the record before beginning a law suit in federal court.

**B.**

The SSA argues that Attorney Pirro should be compensated at a reduced rate for approximately three hours of work that defendant styles "basically clerical."  (Def's Opp'n at 4.)  Defendant's

objection refers to the hours claimed for reviewing electronic ("ECF") notices and orders sent by the court to the parties. Under the EAJA, purely clerical tasks are not compensable. Gough v. Apfel, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (citing Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989). However, activities that fall within the "gray area," that is, activities that may be performed by an attorney, are compensable. Id. "Although a paralegal or secretary could have perhaps saved counsel a small amount of the time expended, the administrative convenience to the court of applying a uniform rate outweighs the insignificant savings to the defendants in awarding a lower rate for scheduling." Gonzalez v. Town of Stratford, 830 F. Supp. 111, 115 (D. Conn. 1992).

The court finds that it was reasonable for Attorney Pirro himself to review the ECF Reports. While some of the ECF Reports may have been informing the parties about relatively mundane activities such as extensions of time or scheduling orders, others required substantive review. Only an attorney could make the critical decision as to whether an order of the court required a response. Further, the defendant has not suggested any formula by which the court should reduce the fees. As the court noted in Gonzalez, when a party objecting to attorney's fees does not take the time to suggest a reduction formula administrative convenience weighs in favor of applying a uniform rate. See Gonzalez, 830 F.

Supp. at 115 n.8. Therefore, the court finds that the time claimed by Attorney Pirro in reviewing ECF Reports should be calculated using the standard attorney fees requested by Attorney Pirro.

### C.

Defendant contends that plaintiff should not be awarded the two and a half hours of fees claimed to research and prepare a motion to consolidate. Defendant argues that since the earlier cases the plaintiff sought to consolidate with the present case were terminated that the time was nonproductive and, therefore, not compensable. Defendant's argument ignores the fact that plaintiff filed the motion to consolidate in order to correct an error *made by the defendant*. Specifically, defendant had filed the record of the administrative proceedings under the former heading in this case -- a case which had been closed. Plaintiff was merely attempting to have the full administrative record filed under the open docket number. Therefore, the court finds that the two and half hours Attorney Pirro spent preparing and researching a motion to consolidate was reasonable.

### D.

Defendant challenges the twenty-eight and a half hours plaintiff claims for the research and of the memorandum in support of plaintiff's motion for a reversal or remand of the ALJ's decision. Defendant claims that time expended was excessive by four and a half hours. (Def's Opp'n at 4.) However, defendant

sets forth no argument nor supplies any principled rationale for reducing the fees by four and a half hours.

Plaintiff's memorandum in support appears to be an able, well supported twenty-seven page brief outlining the facts, medical evidence and the law.  It is clear that in order to create this memorandum, Attorney Pirro needed to extract relevant medical evidence from the extensive records as well as compile the relevant legal sources.  Twenty-eight and a half hours appears a reasonable amount of time to expend on this task.

**E.**

Attorney Pirro claims an hour and a half for various work done reviewing a motion made by defendant consenting to remand.  (Aff. of Charles A. Pirro III at 5.)  Defendant claims only minor changes were made to the motion after consultation with Attorney Pirro and, therefore, only a half-hour of work is reasonable.  (Def's Opp'n at 4.)

The court finds that the time expended by Attorney Pirro was reasonable.  A careful review of the motion was warranted because the plaintiff was consenting to withdraw her claim for reversal. Because of the potentially preclusive consequences of defendant's motion, it was reasonable for Attorney Pirro to give it careful consideration and suggest changes as he saw fit.

**F.**

Finally, Attorney Pirro certifies that he spent a total of three and a half hours preparing the instant motion for attorney's fees, accompanying memorandum in support, and affidavit. (Aff. of Charles A. Pirro III at 5.) The motion for attorney's fees is a standard one-page motion and the affidavit is a two-page document which lists the time expended working on this case. The memorandum in support is a twelve-page legal brief setting forth plaintiff's legal arguments in support of her motion for attorney's fees.

Defendant contends that three and a half hours is unreasonable because defendant has used an almost identical motion and memorandum both in previous and subsequent cases. Defendant certifies that Attorney Pirro used this motion and memorandum in a previous case, <u>Green-Younger v. Barnhart</u>, and charged only one hour of time for its preparation. (Def's Opp'n at 5.) Defendant has provided the court with the motion and memorandum submitted by Attorney Pirro in <u>Green-Younger</u>.

The defendant's contention is confirmed by a comparison of the instant motion and memorandum with the <u>Green-Younger</u> motion and memorandum. Approximately ten of the twelve pages are nearly identical. It is clear that Attorney Pirro uses a standard memorandum in support when moving for attorney's fees in Social Security cases where he obtains favorable results for his clients. The instant motion simply altered the <u>Green-Younger</u> papers only

slightly to account for the client's name and other factual information. In light of the above, it is appropriate to reduce the attorney's fees claimed by Attorney Pirro in preparing the instant motion and memorandum from three and a half hours to three-quarters of an hour.

## IV.   Conclusion

Consequently, plaintiff's Motion for Attorney's Fees **[Dkt. #19]** is **GRANTED**.  The amount of hours claimed is reduced by 2.75 hours for a total of 44.45 hours.  At the applicable rates[4], the total amount of attorney's fees awarded is $6,740.69.

This is not a recommended ruling.  This is a ruling and order on a non-dispositive motion, reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

---

[4] As noted above, Attorney Pirro is requesting $136.13 per hour for work done in 2003, $149.18 in 2004, and $152.30 per hour in 2005.  The reduction of 2.75 hours is to time worked in 2005, which amounts to a total reduction in the amount requested of $418.83.  The court finds that the hourly rates claimed by Attorney Pirro are reasonable.

**IT IS SO ORDERED.**

    **Dated at Hartford, Connecticut this 19th day of January, 2006.**

                                            **/s/ Thomas P. Smith**
                                            **Thomas P. Smith**
                                            **United States Magistrate Judge**